UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raymedica, Inc., a Minnesota corporation,

Plaintiff,

Civil Action 01-CV-1841 (JRT/JSM)

v.

Vladimir Stoy; Replication Medical, Inc., a New Jersey corporation; and Replication Medical, Inc., a Delaware corporation,

Defendants.

---

**STIPULATED ORDER**

---

IT IS HEREBY STIPULATED AND AGREED by the parties to the above-entitled action, through the undersigned counsel, that the Court may enter an order pursuant to the following terms:

1. Inadvertent production of documents or information subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party of such inadvertent production no later than 24 hours after the first time the producing party knows or should have known of its use by the receiving party.

2. Such inadvertently produced documents or information shall be returned to the producing party upon request, provided that the producing party makes a showing of the circumstances surrounding the documents' or information's inadvertent production. No use shall be made of such materials during depositions or at trial, nor shall they be shown, subsequent to the request to return them, to anyone who has not already been given access to them.

FILED APR 0 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

3. If the producing party asserts any claim of privilege or immunity for inadvertently produced documents or information and a dispute arises as to such claim, the parties shall attempt in good faith to reach a satisfactory agreement within five (5) days of the assertion of the claim of privilege or immunity. If the parties are unable to reach agreement, the producing party may, within five (5) days thereafter, petition the Court to resolve the matter. The receiving party shall not disclose the document or information for which the claim of immunity or privilege is being made to any persons, other than those persons who had it in their possession prior to receipt of notification of the claim of privilege or immunity, until the dispute is resolved between the parties or, if the matter is submitted to the Court, until disposition of the matter.

4. Nothing in this Stipulated Order precludes either party from petitioning the Court for the return of later-discovered, inadvertently produced work product or attorney-client privileged documents or information or from asserting any claim of privilege or immunity for such documents.

Dated: March 27, 2003

Dulce J. Foster

Cynthia Jokela Moyer (#211229)
Dulce J. Foster (#285419)
**FREDRIKSON & BYRON, P.A.**
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-1425
(612) 492-7000

ATTORNEYS FOR PLAINTIFF

Dated: March 24, 2003

Donald W. Niles (#160684)
James H. Patterson (#154428)
**PATTERSON, THUENTE, SKAAR & CHRISTENSEN**
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 349-5740

John J. Soroko
Kelly D. Eckel
**DUANE MORRIS, LLP**
1650 Market Street, Suite 4200
Philadelphia, PA 19103
(215) 979-1000
**ATTORNEYS FOR DEFENDANTS**

**IT IS SO ORDERED.**

Dated: 4/1/, 2003

Janie S. Mayeron
United States Magistrate Judge