UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raymedica, Inc., a Minnesota Corporation,

Plaintiff,

Civil Action 01-CV-1841 (JRT/JSM)

v.

Vladimir Stoy; Replication Medical, Inc, a New Jersey corporation; and Replication Medical, Inc., a Delaware corporation,

Defendants.

**STIPULATED PROTECTIVE ORDER**

Certain information disclosed during the course of this action may contain confidential, proprietary, and/or competitive commercial information, intellectual property, and/or trade secrets of the disclosing party. Therefore, in order to preserve the status of the material and information so disclosed, and to prevent significant, particularized and competitive damage and injury to and/or an invasion of the confidential and private property of the disclosing parties,

**IT IS HEREBY STIPULATED AS FOLLOWS:**

1. When used in this Agreement, the following definitions apply:

A. "Producing Party" means the party or third party that produces information designated **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** as further defined herein.

B. "Receiving Party" means the party or third party receiving information designated **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** as further defined herein.

2. All information produced formally or informally in accordance with the Rule 26 of the Federal Rules of Civil Procedure, contained in documents produced pursuant to a request for

FILED APR 0 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

production of documents, provided in an answer to an interrogatory or contained in a document produced in lieu thereof, produced in response to a subpoena *duces tecum*, provided by way of testimony, presented in any pleading or memorandum, or contained in responses to requests for admission, including copies, summaries and abstracts of the foregoing, shall be used solely for the purpose of this litigation, including any enforcement or appeal thereof through final judgment, and not for any business or other purpose whatsoever.

3. If any party (or third-party) wishes to designate as confidential any of the information described in paragraph 1 above, the party may designate such information in accordance with the following categories for treatment as hereafter set forth:

A. Information may be designated by the Producing Party as **"CONFIDENTIAL."** Only information believed in good faith to constitute sensitive confidential information, including by way of example, but not limited to, business records and employment information, may be designated as **"CONFIDENTIAL."** Access to information designated **"CONFIDENTIAL"** shall be permitted by the Receiving Party only to necessary court personnel, outside counsel and in-house counsel for the parties to this litigation, including their professional associates, clerks, legal assistants and stenographic personnel, and to the additional individuals described below, provided each such individual has read this Stipulated Protective Order in advance of disclosure and agreed in writing to be bound by its terms, by signing the Acknowledgment attached hereto as Exhibit A:

(1). A party to this proceeding and/or the corporate representative(s) of a corporate party whose review of the specific confidential information is reasonably necessary to assist in the prosecution or defense of this litigation. For Raymedica, Inc., those corporate representatives are J. Todd Johnson, Anthony Phillips, and Britt

Norton; for Replication Medical, Inc., New Jersey, that corporate representative is Vladimir Stoy; and for Replication Medical, Inc., Delaware, those corporate representatives are Ann Prewett and Charles Hadley.

(2). Expert witnesses and non-testifying experts (who are not competitors of the parties and are not the parties themselves) who are retained by the parties or their counsel in connection with this action and whose review of the specific confidential information is reasonably necessary to assist the prosecution or defense of this proceeding;

(3). Stenographic and clerical employees associated with the individuals enumerated above.

B. Information may be designated by the Producing Party as "**ATTORNEY'S EYES ONLY**." Only information believed in good faith to be highly sensitive confidential, proprietary and/or trade secret information of the Producing Party, including by way of example, but not limited to, non-public trade secrets; intellectual property; proprietary information, including by way of example, but not limited to, pictures or drawings or diagrams of the products involved in this litigation; financial information, including by way of example, but not limited to, financial statements and/or reports; information related to business plans and strategies, including by way of example, but not limited to, license or sublicense agreements; information related to manufacturers and suppliers; information related to customers such as wholesalers, distributors, and/or retailers; information related to manufacturing specifications; sales information; and tax of financial planning information, may be designated as "**ATTORNEY'S EYES ONLY**." Access to information designated by the Producing Party as "**ATTORNEY'S EYES ONLY**" shall be permitted only to

necessary court personnel, outside counsel of record in this litigation, their clerical, secretarial and support staff, as necessary, and expert witnesses and non-testifying experts (who are not competitors of the parties and are not the parties themselves) who are retained by the parties or their counsel in connection with this action and whose review of the specific confidential information is reasonably necessary to assist the prosecution or defense of this proceeding. Each such expert witness or other non-testifying expert shall have read this Stipulated Protective Order in advance of disclosure and agreed in writing to be bound by its terms, by signing the Acknowledgment attached hereto as Exhibit A.

C. Nothing in this Stipulated Protective Order shall limit in any way a party's ability to petition the Court for an order permitting a party to this litigation or the corporate representative(s) of a corporate party, whose review of specific "**ATTORNEY'S EYES ONLY**" information is reasonably necessary to assist in the prosecution or defense of this proceeding, to review "**ATTORNEY'S EYES ONLY**" information for the sole purpose of assisting counsel in the prosecution or defense of this proceeding.

D. Information which is designated either "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY"** shall be maintained in strict confidence in accordance with the terms of this Stipulated Protective Order and shall be used only for the purposes of this litigation, including any enforcement or appeal thereof through final judgment. In particular, any document, information or other tangible medium produced in this proceeding as "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information and any copy, summary, abstract or information of any kind derived therefrom shall be limited to use for this proceeding only and may not be used for any other purpose, including but not limited to other litigation except as otherwise ordered by this Court, and specifically may not be used

for any business, commercial, or technical purpose whatsoever by any party or third party. Copies of documents marked "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" may be made in order to facilitate use in pleadings and at depositions. All such copies shall be subject to the provisions of this Order. No other copies of documents or other materials containing "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information shall be made except as permitted by this Order.

E. In the event that "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information is disclosed to someone not authorized to receive such information under this Order, counsel for the party involved shall immediately give notice of such unauthorized disclosure to counsel for the parties who initially so designated the information as "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" and also shall describe the circumstances of the unauthorized disclosure.

F. By virtue of their appearances in this matter, all counsel for the parties shall be deemed to have acknowledged that they and their associated counsel are bound by the terms of this Order. Prior to being provided access to any "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information, all other parties who are authorized access to such information, as set forth in paragraphs 3.A. (with regard to "**CONFIDENTIAL**" information) and 3.B. (with regard to "**ATTORNEY'S EYES ONLY**" information) of this Order, shall execute an Acknowledgement to be bound by the terms of this Order in the form attached as Exhibit A. Such Acknowledgements shall be retained while the proceeding is pending by the attorney who obtained the Acknowledgement, and shall be filed with the Court and served on all parties at the conclusion of the proceeding.

4. If it is necessary for a Receiving Party to file documents or deposition excerpts with the Court which contain information that has been designated by a Producing Party as **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY,"** all such materials, and all pleadings or memoranda which reproduce or summarize the information contained in such materials, shall be filed under seal with the Court in envelopes or other suitable containers bearing a statement substantially in the following form:

**"CONFIDENTIAL"**

> **"This envelope containing documents which are filed in this case by (name of party). It is not to be opened, nor the contents displayed or revealed, except by Order of the Court."**

If only a portion of the information contained in a pleading or memorandum is subject to designation as **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** pursuant to this Stipulated Protective Order, a duplicate copy of such pleading or memorandum shall be filed with the Court in redacted form for placement in files which are open to public inspection. Only information subject to designation as **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** may be redacted from this duplicate copy.

5. The restrictions set forth in any of the preceding paragraphs shall not apply to information which: (a) is, or becomes, public knowledge as shown by publicly available writings, other than through violation of this Stipulated Protective Order; (b) is acquired by a non-designating party from a third-party lawfully possessing such information and/or having no obligation to the owner thereof; or (c) was lawfully possessed by a non-designating party prior to discovery in this lawsuit. Any person who is the author, source of, or copy recipient of a document designated **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** may be shown the document for the

purpose of interrogation of such person by deposition or at trial or hearing, or during the course of preparation for a deposition or for testimony at trial or hearing.

6. Acceptance by a party of disclosure of information pursuant to this Stipulated Protective Order shall not be construed as an admission that the disclosed information constitutes "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information. A party shall not be obligated to challenge the propriety of a designation of a document or information as "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" at the time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality. In the event that any party to this litigation objects at any stage of these proceedings to the propriety of a designation of any information by the Producing Party as "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**", the parties shall first try to resolve such disagreement in good faith on an informal basis. If the disagreement cannot be thus resolved, the objecting party may seek appropriate relief from the Court, and the objecting party shall have the burden of proving, by the preponderance standard, that the information in question does not reasonably merit the designation "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" in accordance with paragraphs 3.A. or 3.B. of this Order. Except as otherwise provided herein, pending the Court's decision on any relief sought by an objecting party, the information in question shall continue to be treated pursuant to its original designation as "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**."

7. Any party may hereafter apply to the Court for relief from this Stipulated Protective Order or for further protection of confidential information and/or trade secrets. This Order shall not prejudice the applicant in any way in making such application. If a party feels that certain of its

confidential information is of a character which should not be disclosed even to opposing outside counsel, the party may apply to the Court for appropriate protection.

8. Every document which a Producing Party wishes to designate "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" shall be so marked in a conspicuous manner on each page prior to production to the opposing party. However, the parties may agree that outside counsel may first review potentially responsive documents that have not been marked, with the understanding that all documents selected for copying will be properly marked prior to delivery to the reviewing counsel. Documents to be inspected shall be treated as "**ATTORNEY'S EYES ONLY**" during inspection.

9. With respect to depositions, if it appears that a portion of a deposition will involve topics appropriate for designation as "**CONFIDENTIAL,**" then at the appropriate time, counsel will indicate on the record at the deposition that the testimony is "**CONFIDENTIAL**" and is subject to the provisions of this Stipulated Protective Order, and persons other than those individuals identified in Paragraph 3.A above shall be excluded from that portion of the deposition; if it appears that a portion of a deposition will involve topics appropriate for designation as "**ATTORNEYS' EYES ONLY,**" then at the appropriate time, counsel will indicate on the record at the deposition that the testimony is "**ATTORNEY'S EYES ONLY**" and is subject to the provisions of this Stipulated Protective Order, and persons other than those individuals identified in Paragraph 3.B above shall be excluded from that portion of the deposition. With respect to deposition transcripts, any party may notify all of the parties, in writing, within thirty (30) days after receipt of the deposition transcript, of the specific pages and lines of the transcript which should be designated "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**." Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his/her possession, custody, or control. Documents that are used as exhibits and are already designated

"**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" shall remain "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**". Any deposition that has any portion of the transcript or exhibits designated as "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" shall indicate that it contains such information. With respect to testimony given at trial, the Producing Party shall indicate on the record at the time that the testimony is proffered that the testimony contains or is expected to contain confidential information.

10. It is expressly contemplated and agreed that the terms of this Stipulated Protective Order are applicable to confidential information designated as such by a non-party, and/or produced by a non-party in connection with this litigation, and that the parties will treat all such designated confidential information of a non-party in accordance with the terms of this Order. In light of the applicability of the terms of this Order to confidential information designated as such by a non-party, the parties may not withhold information or documents from production on the basis that such documents or information are considered by a non-party to contain confidential information, or that such documents or information fall within the scope of a confidentiality or non-disclosure agreement between the non-party and the Producing Party.

11. Nothing contained in this Stipulated Protective Order shall affect the right, if any, of any party or witness to make any type of objection or claim in offering or opposing the admission into evidence of any proofs offered at trial. Nor shall this Agreement be construed as a waiver by any party or witness of any legally cognizable privilege to withhold any document or information, or of any right which any party or witness may have to assert such privilege at any point during these proceedings.

12. Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorneys herein from rendering advice to their clients with respect to this litigation and, in the

course thereof, relying upon their examination of "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information.

13. Within 30 days of the final termination of this litigation, including any enforcement or appeal thereof through final judgment, each Receiving Party shall, upon request, either return to the Producing Party at the Producing Party's expense all materials which have been designated by the Producing Party as constituting or containing either "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information, or shall destroy such materials and all copies, digests or summaries which have been made of, or prepared from, such documents. Counsel for the Receiving Party shall certify that all materials designated as "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" have been returned or destroyed. However, outside counsel may retain one copy of any pleading containing "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" information, for archival purposes only.

14. This Stipulated Protective Order shall continue to be binding on all persons receiving documents hereunder, and upon conclusion of this proceeding, the Court shall retain jurisdiction for the limited purpose of enforcing the terms of this Order.

15. The parties to this Stipulated Protective Order contemplate that it will be submitted to the Court for approval and entry. However, in the event this Stipulated Protective Order is not so approved and entered, the parties, represented by counsel signing below, agree that the Order nonetheless will remain in full force and effect and binding on the parties hereto in accordance with its terms, with the following exception applicable to paragraph 10 hereof: In the absence of Court approval, neither party shall be required under the terms of this agreement to disclose information or documents that are deemed by a non-party to be confidential or that fall within the scope of a confidentiality or non-disclosure agreement between the non-party and the party from whom

disclosure is sought. Nothing in this paragraph shall limit the right of any party to seek a Court order requiring that such non-party information or documents be disclosed.

Dated: March 27, 2003

Cynthia Jokela Moyer (#211229)
Dulce J. Foster (#285419)
**FREDRIKSON & BYRON, P.A.**
4000 Pillsbury Center
2000 South 6th Street
Minneapolis, MN 55402-1425
(612) 492-7000

**ATTORNEYS FOR PLAINTIFF**

Dated: March 24, 2003

Donald W. Niles (#160684)
James H. Patterson (#154428)
**PATTERSON THUENTE SKAAR & CHRISTENSEN**
4800 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 349-5740

John J. Soroko
Kelly D. Eckel
**DUANE MORRIS LLP**
1650 Market Street, Suite 4200
Philadelphia, PA 19103
215.979.1000

**ATTORNEYS FOR DEFENDANTS**

**IT IS SO ORDERED.**

Dated: 4/1, 2003

Janie S. Mayeron
United States Magistrate Judge

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raymedica, Inc., a Minnesota Corporation,

Plaintiff,

Civil Action 01-CV-1841 (JRT/FLN)

v.

Vladimir Stoy; Replication Medical, Inc,
a New Jersey corporation; and
Replication Medical, Inc.,
a Delaware corporation,

Defendants.

---

**AGREEMENT CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

---

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order regarding confidential information entered in this action, understands the terms thereof, agrees to be bound by such terms, and agrees to be subject to the jurisdiction of the United States District Court for the District of Minnesota in all matters relating to said Stipulated Protective Order.

Dated: ____________________ ________________________________________

Name: ________________________________

Address: ______________________________

Present Occupation:______________________

Present Employer: _______________________

Relationship to or
interest in this action:____________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.